UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-31(3) (JNE/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Rosco Demar Lewis, | |
| Defendant. | |

Matthew D. Forbes and Thomas M. Hollenhorst, Assistant United States Attorneys, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Peter B. Wold, Wold Law, 331 Second Avenue South, Suite 705, Minneapolis, MN 55401 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the United States of America's ("Government") Motion for Discovery, ECF No. 7, and Defendant Rosco Demar Lewis's Motion to Compel Disclosure of Favorable Evidence, ECF No. 51, and Motion for Disclosure of 404(b) Evidence, ECF No. 52.

A hearing was held on July 18, 2023. ECF No. 66. Thomas Hollenhorst appeared on behalf of the Government and Peter Wold appeared on behalf of Defendant.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery, ECF No. 7, is **GRANTED IN PART** and **DENIED IN PART**.

The Government's motion seeks discovery available under Federal Rules of

1

Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. At the hearing, Defendant had no objection to the Government's discovery requests. Tr. 4:1-5, ECF No. 74.[1]

The Government's motion, filed the day after the Indictment was issued, proposed deadlines for the disclosure of any testimony the parties intend to use under Rules 702, 703, or 705 of the Federal Rules of Evidence at 21 days before trial for principal experts and 10 days before trial for rebuttal experts. ECF No. 7 at 2. A week later, the Court issued its standard arraignment order, setting the deadline for principal expert disclosures at 28 days before trial and 14 days before trial for rebuttal experts. ECF No. 21 at 2.

At the hearing, the Government had no objection to the deadlines set by the Court. Tr. 4:18-20. Defendant could "live with 28 days," but requested the courtesy of being informed sooner if the Government knew it had an expert it was going to use prior to that time. Tr. 4:22-5:1. The Government agreed to "be courteous." Tr. 5:2-5.

Consistent with the Court's prior order, no later than 28 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 14 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

2.  Defendant's Motion to Compel Disclosure of Favorable Evidence, ECF No. 51, is **GRANTED IN PART** and **DENIED IN PART**. Defendant moves for an order compelling the Government to disclose evidence favorable to him under *Brady v.*

---

[1] Although the transcript of the motions hearing has been temporarily sealed to allow for the process of redacting any personal identifiers, *see generally* D. Minn. LR 5.5, any notice of intent to request redaction was due August 9, 2023, and no such notice was filed. *See generally* ECF No. 74.

2

*Maryland*, 373 U.S. 83 (1963), among other authorities. The Government had no objection to Defendant's motion, and stated it would "fully comply with its discovery obligations under *Brady* and *Giglio* [*v. United States*, 405 U.S. 150 (1972),] and will disclose any evidence favorable to the defendant." Gov't Resp. at 3, ECF No. 58; *see* Tr. 5:11-12 ("We will comply with that motion.").

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753. "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's

conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 materials. *See United States v. Mazzulla*, 952 F.3d 1091, 1100 (8th Cir. 2019). If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. To the extent Defendant seeks materials that have already been produced, his motion is denied.

3.  Defendant's Motion for Disclosure of 404(b) Evidence, ECF No. 52, is **GRANTED**. Defendant seeks the disclosure of "any 'bad act' or 'similar course of conduct' evidence'" the Government intends to introduce at trial under Rule 404(b) of the Federal Rules of Evidence. ECF No. 52 at 1. The Government states that it "will fully comply with the notice requirements of Rule 404(b) of the Federal Rules of Evidence and will disclose any Rule 404(b) evidence within three weeks of trial." Gov't Resp. at 4.

At the hearing, Defendant acknowledged receipt of "discovery on [his] prior history," but stated that, to the extent there was "anything outside of that prior criminal history" that the Government intended to offer, it would "be much more efficient to know about that more than three weeks ahead of time." Tr. 5:23-6:6. The Government stated that it would do its "best to give the defense as much advance notice as possible." Tr. 6:12-13.

Rule 404(b) requires the Government to provide reasonable written notice before

trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Rule 404(b) does not, however, require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971).

Further, "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

No later than three weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the

permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).  If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.  *See* Fed. R. Evid. 404(b)(3)(C).

    4.    All prior consistent orders remain in full force and effect.

    5.    Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: October 13, 2023

    *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Lewis*
Case No. 23-cr-31(3) (JNE/TNL)