UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 23-cr-31(3) (JNE/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Rosco Demar Lewis, | |
| Defendant. | |

---

Thomas M. Hollenhorst, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Peter B. Wold, Wold Morrison Law, TriTech Center, 331 Second Avenue South, Suite 705, Minneapolis, MN 55401 (for Defendant Lewis).

---

## I.   BACKGROUND

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Rosco Demar Lewis's Second Motion for Leave to File Motion, ECF No. 174. The Government objects to this request as untimely and further argues the motion to suppress that Defendant is seeking leave to bring contains patently frivolous claims. *See* ECF No. 175.

The original deadline for pretrial motions under Federal Rule of Criminal Procedure 12(b)(3) in this matter was March 8, 2023. *See* ECF No. 21. Defendant first sought leave to file an additional untimely dispositive motion on December 6, 2023. *See* ECF No. 110. The Court granted that request and set the pretrial motions filing deadline to December 20, 2023. *See* ECF No. 117. The December 20, 2023 deadline was later extended to January

30, 2024. *See* ECF No. 139.

The motions, *see* ECF Nos. 124 and 143, filed by the January 30, 2024 deadline were argued before this Court on February 20, 2024. *See* ECF No. 152. Post-hearing briefing was allowed on both motions. *Id.* The motions were taken under advisement on April 9, 2024 and a Report and Recommendation on those two motions was issued on May 9, 2024. *See* ECF Nos. 172, 176. Defendant is now seeking leave to file an additional motion to suppress. *See generally* ECF No. 174.

## II. ANALYSIS

Under Federal Rule of Criminal procedure 12(b)(3), a motion for suppression of evidence "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." If a motion to suppress evidence is untimely, "a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). "To show good cause, a party must show both cause and prejudice." *United States v. Mayer*, 63 F.4th 680, 683 (8th Cir. 2023) (quoting *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2019)).

Defendant's motion to suppress—which is attached to his motion for leave—is untimely and Defendant does not dispute this. *See* ECF No. 174 at 1. While good cause may cure this type of untimely motion, Defendant has not made this showing. Defendant did not articulate sufficiently why he did not bring his motion to suppress by the January 30, 2024 deadline. Defendant asserts that the recorded interview between the cooperating individual and law enforcement was provided to Defendant "well past the motions deadline, on January 10, 2024." *Id.* The motions deadline, again, was January 30, 2024,

*see* ECF No. 139, not January 10, 2024. Therefore, Defendant had over two weeks to bring the motion he now wishes to bring.

Defendant does not provide any reason for why he could not bring this motion before the January 30th deadline when the record shows that the basis for this motion to suppress was then reasonably available to Defendant before the January 30, 2024 deadline. For example, Defendant's motion for a *Franks* hearing, *see* ECF No. 143, references, throughout, the interview between the cooperating individual and law enforcement. And Defendant's post-hearing brief also references the recorded interview as well as the recording of the controlled payment between the cooperating individual and Defendant. *See generally* ECF No. 170. Defendant submitted both recordings as exhibits at the February 20th motions hearing, *see* ECF No. 152, and the Court accepted those exhibits as Court Exhibit 1. *See also* Report and Recommendation, ECF No. 176 at n.1.

The record does not support Defendant's motion for leave and Defendant has failed to show good cause. There is no clear reason for why Defendant did not bring this additional motion to suppress in a timely manner. *See United States v. Trancheff*, 633 F.3d 696, 698 (8th Cir. 2011) ("The desire to suppress incriminating evidence . . . [is] not by [itself] sufficient to establish good cause to justify relief from a waiver of defense, objection, or request under Rule 12."). Even if Defendant showed cause, he still did not show prejudice, which is also required, *see Mayer*, 63 F.4th at 684, and the representations Defendant's makes in his reply, ECF No. 177, does not change this. Accordingly, Defendant's request is denied.

### III.   ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Second Motion for Leave to File Motion, ECF No. 174, is **DENIED**.

Date: May 23, 2024                                         *s/ Tony N. Leung*
                                                                         Tony N. Leung
                                                                         United States Magistrate Judge
                                                                         District of Minnesota

                                                                         *United States v. Lewis*
                                                                         Case No. 23-cr-31(3) (JNE/TNL)